## GOODPASTER *v.* VORIS *et al.*

A promissory note is not over-due, until the days of grace have expired; and the *bona fide* indorsement of a note on the second day of grace, will cut off any equity or set-off, which the maker may have against the payee.

The refusal of the court to give a defendant the opening and close of the case, on the ground that he has admitted the demand of the plaintiff, and set up new matter, is not a ground upon which to base an appeal, nor upon which error can be assigned.

Where in an action on a negotiable promissory note, the defendant answered, admitting the execution of the note, and the assignment thereof, "after maturity and dishonor," and pleading a set-off against the payee of the note; *Held*, 1. That the admission of the assignment was materially qualified; 2. That the defendant had not so admitted the plaintiff's cause of action, as to allow his claim.

Where a promissory note, dated the first day of September, and payable in ten days after date, was indorsed on the 13th day of September; *Held*, That the note was not over-due when indorsed.

Where in an action by the indorsee of a promissory note, against the maker, dated the first of September, payable in ten days after date, and indorsed on the 13th of the same month, to which the defendant pleaded a set-off against the payee, the court suppressed a deposition designed to prove the set-off; *Held*, That the set-off could not prevail against the indorsee, and that the deposition was properly suppressed.

Where a party to a suit is present in court, he may be called upon as a witness, without being served with a subpœna, but the court cannot compel him to testify; and if he refuses to testify, he must submit to the alternatives provided by sections 2421 and 2422 of the Code.

*Appeal from the Marshall District Court.*

FRIDAY, APRIL 15.

THE defendants gave their promissory note, on the first of September, 1856, payable to W. H. Hamilton, or bearer, in ten days after date, which was indorsed by the plaintiff, on the 13th of September, 1856. To the petition, the defendants answered, admitting the giving the note, and also the assignment, "after maturity and dishonor," and then pleading a set-off of a claim against the payee for damages, for the non-performance of a contract to furnish and set up

a circular saw in the steam-mill of the defendants. The verdict and judgment were for the plaintiff, and the defendant appeals. The other facts appear in the opinion.

*H. C. Henderson* and *T. Brown*, for the appellants.

*Thomas Wilson*, for the appellee.

WOODWARD, J.—1. The error first assigned is, that the court refused to give defendants the opening and close of the case, which they claimed, upon the ground that they had admitted the plaintiff's demand, and set up new matter. This is not a proper matter upon which to base an appeal, nor for the asssignment of an error. Nor, if it were, has the defendant so admitted the plaintiff's cause of action, as to allow his claim. The admission of the assignment is materially qualified; and besides, the answer does not present a defense, nor yet an avoidance, as they sometimes term it, but they plead a set-off, which is in the nature of a cross-action. This, standing alone, would give them the right to the position they claim, but they do not clearly admit the plaintiff's cause; and we allude to it for the reason that they confound it with matters of defense.

2. The second error assigned, is the refusal to admit the deposition of one Edwards. This was designed to prove the matter of the set-off, and the court held that this could not be urged against the plaintiff, he being an indorsee before the note became due. A copy of the note is given in the statement. The defendants urged that it was over-due when assigned, for that the days of grace were not to be regarded in a question of this nature. The note was dated the 1st of September; was due in ten days, that is on the 11th, and the days of grace would run to, and include, the 14th. It was assigned on the 13th day. It was not over-due when indorsed, and the set-off could not prevail against the indorsee, the plaintiff, and of consequence, the deposition was not admissible to prove it against him.

Upon the proposition that a promissory note is not over-

due, until the days of grace are passed, we would refer to a few authorities, as either holding this expressly, or involving it in other points ruled. Byles on Bills, 262; *Bank of Utica* v. *Wager*, 2 Cow., 766, in which interest was cast including these three days, and the court say, that "for every practicable purpose, the days of grace are a part of the note itself;" *Hogan* v. *Cuyler*, 8 Cow., 203, which says that it cannot be sued during these days; Ross Lead. Ca., 409, note. A presentation on the second day of grace, is premature. *Leavitt* v. *Simms*, 3 N. H., 14; and *Savings Bank* v. *Bates*, 8 Comst., 505, is a very similar case. It was there held that the maker had no right to pay it to any one, until the third day. A bank held the note as indorsee, and failed, and on the first day of grace he offered to pay it in bills of the branch, which they refused. He held the bills to offer on the third day, but on the second day of grace, the bank assigned the note to the plaintiff. The court held that the days of grace constitute a part of the original contract, and that its negotiability was as unrestrained during these days as before their commencement. They say that a negotiable note, payable in sixty days, is, in law, one payable in sixty-three days, and during that time no demand can be made; and if negotiated on the sixty-first or sixty-second day, it is not negotiated over due.

3. The third assignment, is to the refusing to compel the plaintiff to testify, without being subpœnaed regularly, he being present in court when called upon by the defendant as a witness. If the party were duly summoned by subpœna, he could not be compelled actually to testify, but he might submit to the alternatives mentioned in section 2421–2 of the Code. It is understood, therefore, that the defendant claimed, that the party being present in court, might be called upon as a witness, without being served with a subpœnea. The court ruled according to this view, and held that he was obliged to take the position of a witness, being so called upon. We think this was correct. The object of the summons is only to give notice

and to call the witness in, and if he is already in court, he requires no further notice. A witness who is not a party cannot make this objection, and neither can the party. In legal theory, he is already in court, and always prepared to testify the truth.

Therefore, there being no error found in the judgment aforesaid, the same is affirmed.