## *Ex parte* BERT FOWLER.

No. A-213.    Opinion Filed November 22, 1909.

(105 Pac. 180.)

1. ` HABEAS CORPUS—Scope of Writ—Contempt—Review. The Criminal Court of Appeals will interfere on **habeas corpus** in contempt proceedings only when it clearly appears that the action of the lower court punishing for a contempt was without authority of law and absolutely void, because such court had no jurisdiction of the subject-matter or the party, or was wholly without power to issue the order of commitment.

2. HABEAS CORPUS—Jurisdiction—Contempt for Violation of Injunction. If the court has authority to grant the temporary injunction, no matter what irregularities may attend the granting thereof, or however erroneously the court may have acted in granting it, so long as the injunction exists. it must be obeyed, and a commitment for contempt for a violation thereof will not be reviewed on **habeas corpus.**

3. COURTS—Criminal Court of Appeals—Jurisdiction—Habeas Corpus—Contempt. The Criminal Court of Appeals, having no authority to review on error or appeal, the judgments of the district and county courts of the state in civil actions, will not review on **habeas corpus** the legality of the detention of a party to a civil action, who has been committed for a contempt of court, arising in said cause, where the petitioner avers he was denied the right of appeal, as such matters are properly within the jurisdiction of the Supreme Court in the exercise of its appellate jurisdiction in civil cases and its general superintending control over all inferior courts.

(Syllabus by the Court.)

Application by Bert Fowler for a writ of *habeas corpus* to review his commitment for contempt in violating an injunction restraining petitioner and another from maintaining a liquor nuisance. Writ denied.

This is an application to this court for a writ of *habeas corpus* to relieve the petitioner, Bert Fowler, from the custody of Hiram Stephens, sheriff of Rogers county.

The amended petition sets out with particularity the proceedings in the district court of Rogers county and has annexed to it as an exhibit the pleadings and proceedings in an action commenced on the relation of William H. Hall, as county attorney of Rogers county, before the district court of said county in the name of the state of Oklahoma, wherein Bert Fowler and John Sharp are defendants.

The petition in said action alleges, in substance, that a liquor nuisance was being maintained by said defendants, in a brick building in the town of Chelsea, Rogers county. In the prayer of said petition, among other things, the following relief is prayed for; That in the meantime the said defendants may be enjoined until the further order of the court of keeping open, or permitting to be open, the said building in the town of Chelsea, and from selling, bartering, or giving away, and from keeping for sale, barter, or gift, or use in or about said premises any beer, ale, wines, or other intoxicating liquors.

Pursuant to said prayer, and on the application made by the said county attorney, to the Honorable T. L. Brown, judge of said district court, at chambers, an order was made and entered in said cause on the 15th day of May, 1909, whereby it was ordered, adjudged, and decreed "that said defendants, and each of them, their servants or agents, be, and they are hereby, restrained and enjoined from keeping or permitting to be open the rooms on the first floor of the building in the town of Chelsea, and from selling, bartering, or giving away, and from keeping for sale, barter, or gift, or delivery in and about said premises any beer, ale, wine, or any spirituous, vinous, fermented, or other intoxicating liquors, and that the sheriff shut up said building and abate said nuisance until judgment in this suit, or until the further order of the court."

The defendants entered a general appearance in said cause by filing therein their motion to dissolve said temporary injunction,

which said motion was heard by the judge of said court, at chambers, and thereupon said order was modified by an order, the material portion of which is as follows:

"It is therefore ordered, adjudged, and decreed by the court that said defendants, and each of them, their servants, agents, and employees, be, and they are, hereby enjoined and restrained from keeping or permitting to be kept on the first floor of the building located on Lots 5 and 6 in Block 40, in the town of Chelsea, Rogers county, Okla., and from selling, bartering, giving away, and from keeping for sale, barter, or delivery in any manner in and about said premises any beer, ale, wine, spirituous, vinous, fermented, or other intoxicating liquors, and from permitting such liquors to be sold, bartered, or given away, or kept for sale, barter, or gift, or delivery in any manner in and about said premises, and that said defendants are hereby restrained and enjoined from allowing any kinds or character of intoxicating liquors whatsoever to be kept, stored, sold, bartered, or given away about the said premises, and they are therefore restrained and enjoined from permitting crowds of persons to assemble in and about said premises, or to become boisterous, or to use loud talk in or about said premises, and are restrained and enjoined from committing any act that is offensive, indecent, or improper in and about said premises, or permitting any other person to commit any of said offenses, or permitting any person to drink any intoxicating liquors about said premises, and the sheriff of this county is hereby ordered to see that this order is carried out, until further ordered by this court."

On the 7th day of June, 1909, the county attorney filed in said cause an information to which said information was attached the affidavit of one M. V. McClain, charging that on or about the 26th day of May, 1909, the said defendants violated said temporary injunction, and thereupon a notice and citation was issued by the Honorable T. L. Brown, judge of said district court, directed to said defendants, and commanding them to appear at the courtroom of the district court on the 8th day of June and make answer to the charge of violating said temporary injunction. The defendant, Bert Fowler, petitioner herein, entered a plea of not guilty to the charge of violating said temporary injunction and demanding a trial by jury. That on the 9th day of June, 1909,

said trial was had, and the jury returned a verdict, finding him guilty of violating said injunction. Whereupon said defendant filed a motion for a new trial, which was overruled by the court. Thereupon the court pronounced judgment and sentence fining said defendant $50 and ordering. him committed to the county jail of Rogers county for a period of 10 days and ordered that commitment issue. Whereupon said defendant gave notice of an appeal, and asked the court to fix the amount of his bail bond pending his appeal. Petitioner avers that said judge of said district court refused to fix the amount of a bail bond, or supersedeas, pending an appeal, and instructed said sheriff to accept no bond and held that this was a cause from which no appeal would lie.

The respondent herein, Hiram Stephens, sheriff, makes return that he holds petitioner by virtue of said commitment, which is as follows:

"State of Oklahoma, Rogers County—ss.: In the District Court of Said County. The State of Oklahoma to the Sheriff of Said County, Greeting: Whereas, on the 9th day of June, 1909, Bert Fowler was brought before me upon a charge of contempt of court; and, whereas, on the 9th day of June, 1909, after an impartial trial upon said charge, the said Bert Fowler was found guilty as charged, and, as punishment therefor, it is ordered by me that he pay to the state of Oklahoma a fine of fifty dollars ($50), that he be confined in the jail of the county of Rogers for a term of ten days (10): You are therefore commanded to receive the said Bert Fowler into your custody and to confine him in the jail of the county of Rogers for ten days. You will make due return of this writ with your doings indorsed thereon. Witness my hand and official seal this 10th day of June, A. D. 1909. T. L. Brown, Judge District Court. Officer's Return. Received this writ on the 10th day of June, 1909, and executed the same by committing to jail Bert Fowler. Fees. For commitment to jail, 25 ct. Hiram Stephens, Sheriff."

On June 11, 1909, petitioner filed his original petition for a writ of *habeas corpus* in this court, praying that bail be allowed superseding said judgment, until the cause could be reviewed by this court.

*Kight, Ezzard & Holtzendorff,* for petitioner.

*William Hall,* Co. Atty, and *Fred S. Caldwell,* Counsel to the Governor, for respondent.

DOYLE, JUDGE (after stating the facts as above). The original case before the district court of Rogers county was an equitable action, and therefore a civil proceeding. The orders made in said cause, and the trial had for a violation thereof, were proceedings ancillary to said action. It will be conceded that the Criminal Court of Appeals has no appellate jurisdiction to review the proceedings had in said cause before the district court. The authority to review the proceedings had in said cause is vested in the Supreme Court, as the appellate court in civil actions; this jurisdiction being exclusive.

While counsel for petitioner and respondent had presented the propositions involved to the court in elaborate and able briefs, yet we believe that this is a cause not properly before this court; this court being without authority to review on appeal the judgments of the district courts in cases within their civil jurisdiction. Upon principles which may be considered to be well settled in this court, it can have no right to issue writs of *habeas corpus* in criminal cases, as a means of reviewing the judgments of district or county courts, simply upon the ground of error in their proceedings. While it is equally well settled that, when a person is held under the sentence of any court of this state in regard to a matter wholly beyond or without the jurisdiction of that court, it is not only within the authority of this court, but it is its duty, to inquire into the cause of commitment when the matter is properly brought to its attention, and if found to be, as charged, a matter of which such court had no jurisdiction, to discharge the prisoner from confinement. In the case at bar, however, it is apparent that the commitment issued upon a judgment of a court which had jurisdiction of the subject-matter and the person of the defendant, and, while the action of said court may possibly have been irregular and erroneous in denying the right of an appeal from said judgment and in refusing to allow bail, it was not without authority

of law. The question is: Did said district court have the power to render this particular judgment, or to issue the commitment thereon?

While this court, under our Constitution and laws, has authority to issue writs of *habeas corpus* for contempt proceedings before inferior courts in cases of this kind, it will exercise this function with the greatest care, and will only interfere where it clearly appears that the action of the lower court in a contempt case was without authority of law and absolutely void. This court will not permit the writ of *habeas corpus* to be used to interfere with the power and authority of the courts to properly administer the law. The consideration of the question in the case at bar would necessarily involve a construction of the laws relating to proceedings in error and the rules of practice of the Supreme Court in civil cases, also, the constitutional, statutory and inherent power of the Supreme Court to issue such writs as may be necessary to exercise its jurisdiction, and to prescribe rules for invoking its superintending authority over inferior courts. We have no doubt that upon proper application made to the Supreme Court, regardless as to whether the trial judge refused to allow an appeal or fix bail for supersedeas pending appeal, the question would be determined by the Supreme Court. There is no occasion and we have no desire to intrude our views upon matters wholly within the authority of the Supreme Court.

Obviously the district court in fixing the penalty treated the matter as a criminal contempt, and petitioner, at the time of filing this application, considered the cause pending before said court as being in the nature of a criminal action. As to the distinction between the civil and criminal contempts, the views of this court are expressed in the case of *Ex parte Gudenoge,* 2 Okla. Cr. 110, 100 Pac. 39.

For the reasons stated, the writ of *habeas corpus* is discharged.

It is therefore ordered by the court that the writ be denied, and the petitioner be remanded.

FURMAN, PRESIDING JUDGE, and OWEN, JUDGE, concur.