WILEY U. LYNN v. STATE.

No. A-5700. Opinion Filed Nov. 12, 1927.
(260 Pac. 1069.)

314

Mathers & Renegar, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error was adjudged by the district court of Seminole county to be guilty of a direct criminal contempt and was sentenced to serve a term of 90 days in the county jail.

The record discloses: That on May 21, 1925, plaintiff in error was on trial in said district court, before a jury, charged with murder in the shooting and killing of William Tilghman. That the tension was high both on the part of those interested in the prosecution and in the defense. That under these conditions plaintiff in error came into open court with a loaded pistol on his person and dropped the same in the presence and sight of the jury and the court. Thereafter plaintiff in error was brought before Hon. Frank Mathews, trial judge, the circumstances stated to him by the court, and he was given an opportunity to be heard. His counsel then stated to the court that he had directed plaintiff in error to bring the pistol into court to demonstrate, and that it had

dropped out of the waistband of plaintiff in error's pants accidentally, and he apologized to the court. The explanation was not satisfactory to the trial judge, who said:

"* * * The Court: I can't accept the explanation and statement of the counsel. If counsel had told him to bring the pistol, it wouldn't excuse—would hardly extenuate—an experienced man like himself, on trial for his life, and the attorneys here are bound to know that he ought not to come into this court, under the conditions, armed. If he was told to bring the pistol here, he ought to have brought it and disposed of it. At least, he ought not to have come in here with it loaded. The only conclusion I can draw was that he was already principal in one tragedy, and was willing and ready to enter into another. I couldn't see any extenuating explanation there. The tension in this court room was high upon both sides, and to think that upon a trial for his life like he was, in the crowded court room, tension high upon both sides, that he should stalk into the court with a six-shooter upon his person is something I wouldn't believe. I heard it drop, but I paid little attention to it. The thought struck me first that it was a pistol, but I thought no one in the world would come in the court room with a gun. No; I concluded it was a knife. I couldn't believe he would be so bold, so foolish, as to come in the court with a pistol. So I dismissed it from my mind. It was stated to me afterwards that it was a pistol that he dropped on the floor. The court is still of the opinion he was in contempt of court, and I so hold. You may make your record as you see fit. * * *"

Plaintiff in error first argues that the judgment should be reversed for the reason that no complaint was filed in said cause and the court was without jurisdiction, and for the further reason that the evidence is unsufficient to sustain the judgment.

Contempts are classified and divided as civil and criminal contempts, and are further classified as direct and indirect contempts. Sections 1697, 1698, and 1699, Comp. Stat. 1921. A civil contempt consists in disobey-

ing some jurisdictional order made in the interests of another party to a proceeding. A criminal contempt consists of acts disrespectful to the court, or obstructive to the administration of justice, or calculated to bring the court into disrepute.

Direct contempt consists of disorderly or insolent behavior committed during the session of the court and in its immediate view and presence. Indirect contempt consists of willful disobedience of any process or lawful orders made by the court, or resistance to the execution of legal process. Section 1697, Comp. Stat. 1921, supra; Gudenoge v. State, 2 Okla. Cr. 110, 100 P. 39; Blanton et al. v. State, 31 Okla. Cr. 419, 239 P. 698.

It is apparent that the court held and adjudged the action of plaintiff in error to be a direct criminal contempt. That he was fully warranted in so holding is evident. The trials of criminal cases in courts of justice are to adjudicate rights according to the orderly processes of the law. Instances are on record where courts have been the scene of serious affrays. Persons on trial, their enemies, or their friends have made the court room a battle ground. That an accused person on trial charged with the highest crime known to the law, in a tense atmosphere, should boldly come into open court with a loaded pistol on his person and permit it to fall in the presence of the court and jury is an insolent and defiant contempt of court, and justice requires that the offender be subjected to the penalties of the law.

For a direct criminal contempt committed in the immediate view and presence of the court, it is not necessary that any formal charge be made in writing, nor any process issued. It is only required that punishment shall not be imposed until the contemnor shall have an opportunity to be heard. Section 25, art. 2, Constitution. That was done in the case before us. Since the court acts upon view and hearing, no witness need be sworn nor formal

evidence taken. Ex parte Sullivan, 10 Okla. Cr. 465, 138 P. 815, Ann. Cas. 1916A, 719; Emery v. State, 29 Okla. Cr. 29, 232 P. 128; Blanton et al. v. State, supra.

No reason for disturbing the judgment and sentence of the court is apparent.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.