## BROWN MOORE v. STATE.

No. A-5736. Opinion Filed Dec. 31, 1928.
(272 Pac. 1032.)

Brown Moore, for appellant.
Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. Appellant, Brown Moore, was adjudged guilty of contempt in the county court of Payne county. He has brought the proceedings to this court for a review upon a petition in error and case-made.

The errors assigned question the jurisdiction of the court or the judge thereof to render the judgment appealed from, in that the court erred "in overruling the demand of the defendant for a hearing"; and "in denying the defendant a jury trial."

The judgment of the court recites that:

"There appearing before said Court C. C. Suman, County Attorney of Payne County, Oklahoma, and Brown Moore, a regularly licensed and practicing attorney and member of the Bar of Stillwater, Oklahoma, and both of said parties being before said Court upon legal matters and submitting legal matters to said Court, the said C. C. Suman, in open Court and before the Judge of said Court charged and accused the said Brown Moore of having produced perjured testimony, and that he, the said Brown Moore, knew that the testimony so produced was perjury, to which accusation and statement made by the said C. C. Suman the said Brown Moore then and there in open Court and in the presence of said Court and the Judge thereof replied and stated: 'You are a damned liar,' addressing such remarks to and toward the said C. C. Suman.

"Thereupon the Court found that the said Brown Moore was guilty of direct contempt of Court, and that the said Brown Moore should be punished by the payment of a fine of $10.00 or upon non-payment thereof to be committed to the County jail of Payne County, Oklahoma, until such fine was satisfied at the rate of $1.00 per day for each dollar of said fine."

Thereupon, as shown by the record, appellant demanded that he be cited for contempt and that the issue be submitted to a jury, which demand was by the court overruled, exception allowed, and demanded an

opportunity to be heard, which was denied and exception allowed.

Our Code of Criminal Procedure provides: "No person can be convicted of a public offense, unless by the verdict of a jury, accepted and recorded by the court, or upon a plea of guilty." Section 2352, C. S. 1921.

In a proceeding for contempt of court, if the contemnor is found guilty, the punishment imposed is a sentence in a criminal case. Such adjudication is a conviction, and the commitment in consequence thereof is in execution of sentence for a criminal offense. Burnett v. State, 8 Okla. Cr. 639, 129 P. 1110, 47 L. R. A. (N. S.) 1175.

Contempts of court in this state are governed by constitutional and statutory provisions, and not by common-law rules.

In cases of direct contempt under the constitutional and statutory provisions, the contemnor being present in court, neither a formal charge against him in writing nor process is required. Only an opportunity to be heard is given. The court in its discretion renders judgment imposing such punishment as it may deem proper within the limits prescribed by the statute. No record is made other than the judgment. In this, as the statute provides, the substance of the offense shall be set forth and made a matter of record in the court. Emery v. State, 29 Okla. Cr. 29, 232 P. 128.

In Ex parte Sullivan, 10 Okla. Cr. 465, 138 P. 815, Ann. Cas. 1916A, 719, it is said:

"Under that clause of section 25 of the Bill of Rights, providing, 'In no case shall a penalty or punishment be imposed for contempt, until an opportunity to be heard is given,' an opportunity to be heard before a penalty or punishment is imposed for contempt is an

indispensable essential to the administration of due process of law as contemplated by the constitutional inhibition that 'No person shall be deprived of life, liberty, or property, without due process of law.' Section 7, Bill of Rights."

In Ex parte Owens, 37 Okla. Cr. 118, 258 P. 758, it is said:

"It will be observed that the first clause of section 25 of the Bill of Rights, interpreted by its own terms, has a meaning perfectly clear and definite. It constitutes a plain and clear grant of power to the Legislature to regulate proceedings in contempt. It reads: 'The Legislature shall pass laws defining contempts and regulating the proceedings and punishment in matters of contempt.'

"Having thus delegated the power to the Legislature to regulate the proceedings and punishment in matters of contempt, the framers of our Constitution went further. They provided:

" 'That any person accused of violating or disobeying, when not in the presence or hearing of the court, or judge sitting as such, any order of injunction, or restraint made or entered by any court or judge of the state shall, before penalty or punishment is imposed, be entitled to a trial by jury as to the guilt or innocence of the accused.'

"In the third and last clause they provided:

" 'In no case shall a penalty or punishment be imposed for contempt, until an opportunity to be heard is given.'

"Thus prescribing that which the plainest dictates of natural justice must prescribe to every tribunal the law, that 'No man shall be condemned unheard.' "

In cases of this kind, and in the absence of some requirement of the statute prescribing the manner or mode of hearing, in order to confer jurisdiction on the court to punish for contempts, committed in the pres-

ence of the court, we think that it would be sufficient if the contemnor be arraigned and asked whether he had any legal cause to show why he should not be adjudged guilty of contempt of court. Ex parte Sullivan, supra.

It follows from what has been said that the court erred in denying appellant an opportunity to be heard before the judgment of conviction was pronounced, and for this reason the judgment appealed from. is reversed.

EDWARDS and DAVENPORT, JJ., concur.