## Ex parte CHARLES A. MURRAY.

No. A-8415.   Nov. 29, 1932.
Rehearing Denied June 23, 1933.
(23 Pac. [2d] 220.)

438

Mauntel & Spellman and L. Z. Lasley, for petitioner.

J. Berry King, Atty. Gen., and H. C. Crandall, Co. Atty., for respondent.

EDWARDS, J. This is an original proceeding in habeas corpus. Petitioner alleges that he is unlawfully restrained by the sheriff of Woods county, that he was charged to have committed a contempt toward the county judge of Woods county on March 30, 1932, and that on April 2, the county judge adjudged petitioner in contempt and sentenced him to confinement in the county jail for a period of six months and issued a commitment thereon.

The record is not in very good shape, but from the exhibits, oral admissions, and the briefs it seems to be undisputed that petitioner was charged by preliminary complaint with a felony. He was brought before the county judge as a committing magistrate, and, when asked concerning the case, he broke into an angry response, and used toward the magistrate vile, profane, and abusive language, accompanied by threats of personal violence which we deem it unnecessary to set out. The county judge at the time informed petitioner his language was contemptuous, and constituted a direct contempt of court but he would continue that charge until April 2, at 2 o'clock in the afternoon, when he would be given an opportunity to make defense. He was returned to jail on the felony charge un-

til April 2, when he was brought before the judge, and a change of venue granted on that charge. The county judge then asked if he had anything to say why sentence should not be imposed for his contemptuous conduct of March 30. Petitioner made answer, stating in substance he was under a mental strain, and had not had an opportunity at that time to see his wife nor family, nor had conferred with counsel; that he did not know what he said, and, if anything he said was disrespectful, he was sorry and wished to apologize. The judge then imposed the sentence for contempt. In this proceeding we consider only the question of the jurisdiction of the court and the want of due process of law.

The said commitment recites that:

"* * * On the 30th day of March 1932, the above named, Charles A. Murray, did in the presence of the judge of the county court * * * commit a direct contempt of said court in the immediate presence of said court by then and there cursing and abusing said judge and threatening to kill said judge and calling the court vile and indecent names, as appears from the record filed in said cause.

"And now on this 2nd day of April, the same being the appointed day by said court for the rendering of sentence for said contempt as above set forth and as set forth in the records and minutes of the court, it is the judgment of the court that the said Charles A. Murray be confined in the county jail for a period of six months dating from this date. * * *"

Petitioner was confined on this commitment until about May 5, at which time a petition for writ of habeas corpus was filed with the district judge of Woods county on the ground the commitment was void, that, if any contempt was committed, it was condoned, and the court lost jurisdiction by postponing the contempt proceeding from

March 30 to April 2; and further the commitment itself is void. This latter reason we gather, on account of the failure of the commitment to set forth the substance of the contempt as required by section 1959, Stat. 1931, but in stating conclusions only. The district judge heard the petition and granted a writ discharging petitioner. About this time an amended commitment was issued by the county judge to correct the defects in the first commitment by setting out the substance of the offense. It is under this process petitioner is held. The amended commitment is not pleaded and does not appear in the record or stipulation. Upon the filing of the petition in this court, a rule to show cause was issued, but no return to the rule has been filed. Upon the day fixed for the return of the rule petitioner was admitted to bail.

The burden is on petitioner to show the commitment void. McGorray v. Sutter, 80 Ohio St. 400, 89 N. E. 10, 24 L. R. A. (N. S.) 165, 131 Am. St. Rep. 715; Ex parte Fowler, 3 Okla. Cr. 196, 105 Pac. 180.

If the court in the first instance had jurisdiction to render judgment and sentence defendant, a defect in the commitment may be corrected during the term of the commitment. Ex parte Alexander, 5 Okla. Cr. 196, 113 Pac. 993; Ex parte Harry, 6 Okla. Cr. 168, 117 Pac. 726; In re Wilkins, 7 Okla. Cr. 422, 115 Pac. 1118; Ex parte Williams, 102 Okla. 170, 228 Pac. 494; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 Pac. 486; 29 C. J. pages 25-27 and authorities cited; section 704, Stat. 1931.

Petitioner next contends that the contempt, if any, was a direct contempt, and occurred on March 30, but that the court by failure to punish the petitioner at that time lost jurisdiction to punish on April 2.

A direct contempt requires no formal charge, since the act constituting the contempt is in the immediate view, hearing, and presence of the court. Ex parte Dawes, 31 Okla. Cr. 397, 239 Pac. 689; Lynn v. State, 38 Okla. Cr. 313, 260 Pac. 1069; Moore v. State, 41 Okla. Cr. 310, 272 Pac. 1032.

The meager record before us does not disclose any condonation of the contempt; at the time it was committed the court took cognizance of it, and in substance advised petitioner his conduct and language was a contempt. Further proceedings were as above stated. Under this state of the record, it is insisted defendant was denied his constitutional right to be heard as provided by section 25, art. 2, state Const. Ex parte Sullivan, 10 Okla. Cr. 465, 138 Pac. 815, Ann. Cas. 1916A, 719; Ex parte Dawes, supra.

This contention is not tenable. While the language of the court in informing the defendant of his opportunity to be heard may not be technically correct, yet the court offered petitioner an opportunity to be heard, and petitioner so understood it, and in fact made the only excuse or defense possible under the facts. We see no reason to interfere with the judgment.

The writ is denied.

DAVENPORT, P. J., and CHAPPELL, J., concur.