## BROWN v. STATE.

No. 23248.  Jan. 14, 1936.

Rehearing Denied Dec. 22, 1936.

Hayes, Richardson, Shartel, Gilliland & Jordan, for plaintiff in error.

Sam S. Gill, for defendant in error.

BUSBY, J. Adelbert Brown, falsely purporting to be the then authorized attorney of the Oklahoma Taxpayers Association and of certain protesting taxpayers who were plaintiffs in a tax protest action then pending in the district court of Oklahoma county, procured the signature of a district judge of that court to a journal entry of judgment in the tax protest case. The journal entry of judgment falsely recited that Adelbert Brown was entitled to personally receive from the funds recovered in the tax protest action the sum of $9,795.66. The district judge was induced to sign the incorrect journal entry by the acts, conduct, and representations of Adelbert Brown.

The incorrect journal entry was signed on or about the 29th day of June, 1931. Using the journal entry as authority, Brown obtained $9,795.66 from the county treasurer of Oklahoma county. The imposition on the trial judge was soon discovered and after a hearing was corrected by order of the court rendered on July 2, 1931. A portion of the money procured by Brown was, pursuant to the order last mentioned, repaid by Brown.

Thereafter, on July 9, 1931, pursuant to a formal complaint filed in the trial court, Brown was cited to appear and show cause why he should not be punished for con-

tempt for fraudulently procuring the signature of the trial judge to the incorrect journal entry. He appeared, a hearing was held, and he, while personally present, was adjudged guilty of contempt and sentenced to serve three months in the county jail. Brown presents the case to this court for review.

It is first urged that no findings of fact were made at the time judgment was pronounced and that the judgment is therefore wholly void. An examination of the record in this connection discloses that in the minutes of the court entered at the time judgment was announced specific findings of fact were not incorporated. However, a formal order of commitment designated "judgment and sentence" was subsequently signed by the trial judge. This order of commitment does definitely state the facts upon which the defendant was adjudged guilty of contempt.

Since the defendant was personally present at the time judgment was rendered, it is unnecessary for us to consider in this case the necessity of such personal presence. He was not, however, personally present at the time the formal order of commitment was prepared, nor at the time it was signed by the trial judge. Preparation and signing of an order of commitment is like the preparation of a journal entry in an ordinary case—a means of perfecting a record of a judgment previously rendered. It is not in itself a judgment. See Abernathy, Agt., et al. v. Huston, Co. Treas., 166 Okla. 184, 26 P. (2d) 939. We know of no rule of law, nor is any cited by counsel, which requires the personal presence of the defendant at the time the record is thus perfected.

There is some doubt reflected by the record in this case as to whether the court at the time judgment was formally rendered specifically stated in so many words the precise acts for which the punishment was assessed. However, there can be no question that Adelbert Brown then knew the exact acts for which he was being punished, since a formal complaint had been made and hearing held thereon. Nor can there be any question that the record in this case definitely reflects the basis for punishment of contempt, since the order of commitment recites the facts in detail.

The defendant in this case invokes the generally recognized rule that in order for a party to be adjudged in contempt of court, findings of fact showing as a matter of law that the party accused is guilty of contempt must be made. The reason for the rule thus invoked is that such findings are necessary in order to enable an appellate court to review and consider the acts committed and determine as a matter of law whether or not they constituted a contempt. See 6 R. C. L. page 537. The reason is especially strong in cases where punishment for contempt of court is summarily imposed without a formal complaint. Obviously, it is less important in cases such as the one at bar, where a formal complaint is filed setting forth the nature of the alleged contempt. In this state, under the provisions of our statute, the requirement is met by incorporating the findings of fact in the order of commitment. See Ex parte Dawes, 31 Okla. Cr. 397, 239 P. 689; sec. 1959, O. S. 1931. Since the order of commitment in the case at bar specifically recites the facts, we have in this case encountered no difficulty whatever in determining the acts upon which the punishment assessed by the trial court was based, nor do we think the defendant at any time labored under any misapprehension on the subject. The first contention of the defendant is, therefore, unavailable.

It is next urged that the trial court condoned the contempt and lost jurisdiction by modifying the incorrect judgment, or failing to then and there punish for contempt. We agree that stale offenses should not be revived and that contempt of court merits speedy consideration, but we are unwilling to announce a rule of law which requires courts to act upon the "spur of the moment" in such matters. Indeed a reasonable amount of deliberation is to be encouraged, rather than forbidden. Such deliberation is calculated to promote an even and fair administration of justice in such cases. See, generally, Ex parte Murray, 54 Okla. Cr. 437, 23 P. (2d) 220; 13 C. J. 61.

It is asserted that the "evidence offered was wholly insufficient to constitute an alleged direct criminal contempt." Upon review of the record we are unable to perceive any merit in this contention.

The fact that the incorrect recitations in the journal entry in the tax protest case involved matters which the trial court was probably without jurisdiction to decide (Crawford, Co. Treas., v. McConnell, 173 Okla. 520, 49 P. (2d) 551) is immaterial in this proceeding.

The decision of the trial court is affirmed

508

and that court is hereby directed to proceed with the enforcement of its order.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and GIBSON, JJ., concur.