Ex parte HALL.

No. 30520.   Jan. 20, 1942.

Rehearing Denied Feb. 17, 1942.

*122 P. 2d 1005.*

Sigler & Jackson, of Ardmore, for petitioner.

Ogden & Wallace, of Ardmore, for respondent.

ARNOLD, J. This is an original action filed in this court by E. G. Hall seeking a writ of habeas corpus directing the sheriff of Carter county to release him from confinement in the jail.

The petition, the response thereto, and the briefs of the parties disclose the following facts: E. G. Hall, petitioner herein, as father and next friend of Billy Jo Hall and Jimmy Glenn Hall, minors, employed S. A. George, an attorney at law, to file an action against the Shell Pipe Line Company. This action was filed, judgment obtained and the money paid to the court clerk of Carter county. Sometime during the pendency of said action the petitioner and his wife, Willie Hall, separated and Willie Hall obtained custody of the two children above named. Thereafter she was appointed the legal guardian of said children and was substituted as such guardian in the district court action. S. A. George filed an application requesting the court to determine the fee to which he was entitled in said action. His application was regularly set for hearing on April 9, 1941. The petitioner, E. G. Hall, was present in the courtroom during said hearing. The court orally ordered him to be sworn as a witness and take the witness stand. The petitioner, after said order was given by the court, fled from the courtroom and from the courthouse and refused, when overtaken by the bailiff, to comply with the court's order.

Thereafter, on August 11, 1941, application for citation for contempt was filed and citation issued and served upon the petitioner. The citation commanded him to appear before the court on the 13th day of August, 1941, at 10:00 a.m. and show cause why he should not be punished as for contempt. On the 13th day of August, 1941, the petitioner appeared in person, together with his attorneys, and announced ready for trial. After hearing the testimony the court found the petitioner guilty of direct contempt of court and fixed his punishment at 30 days in the county jail and a fine of $50, together with the costs of the contempt proceeding. The petitioner gave notice of his intention to appeal to the Supreme Court of the State of Oklahoma. The court fixed supersedeas bond in the sum of $1,000.

On the 16th day of August, 1941, E. G. Hall, petitioner, filed a petition in this court for a writ of habeas corpus. It is alleged therein that the above order finding him guilty of direct contempt is void.

In his brief the petitioner takes the position that, since he had not been subpoenaed, the court had no jurisdiction over him; that the court had no right to call him, a mere spectator, and require him to be sworn and testify as a witness; that, therefore, the order committing him did not recite any facts which would show that the court had jurisdiction or authority over him, and the judgment of commitment for contempt was void, and that he should be released.

Where a person is present in court, he can be called and forced to testify without a subpoena. This is true as to a third party, as well as to a party to the suit. Goodpaster v. Voris, 8 Iowa, 334, 74 Am. Dec. 313; Whitney v. Pierce, 40 N. H. 114; Leckie v. Scott, 10 La. 412; United States v. Armour & Co., 142 Fed. 808, 824. In this case the petitioner hired the attorney whose fee was to be determined by the court in said hearing. Even though at the time of the hearing he may not have been an actual party to the action, yet certainly he was not a stranger. We think, and therefore hold, that the court had authority to require that the petitioner be sworn and testify in said action. Under section 278, O. S. 1931, 12 Okla. St. Ann. § 392, upon his refusal to be sworn and to testify as a witness when lawfully ordered to do so by the court, he was subject to punishment as for direct contempt of court.

Under section 693, O. S. 1931, 12 Okla. St. Ann. § 1342, unless the judgment of commitment for contempt is void, habeas corpus will not lie to review same. Upon an application for a writ

of habeas corpus after commitment for contempt, this court will examine only the trial court's power and authority to act; if it has jurisdiction to render the particular judgment, the writ will not issue. Ex parte Bighorse, 178 Okla. 218, 62 P. 2d 487; Dancy v. Owens, 126 Okla. 37, 258 P. 879, and many other cases. In this case the district court had jurisdiction of the petitioner and the power and authority to act.

The writ is, therefore, denied.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. OSBORN, J., not participating.