Ex parte DAVID LEON O'HARA.

No. A-11198.　May 18, 1949.

(206 P. 2d 592.)

David Leon O'Hara, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J. This is an original petition for a writ of habeas corpus brought by David Leon O'Hara. In his petition O'Hara alleges that he is being unlawfully imprisoned in the penitentiary at McAlester, Okla., by the warden, C. P. Burford. He alleges that his imprisonment is by virtue of his conviction in the district court of Grady county, Okla., judgment and sentence of him to the penitentiary for 20 years for the crime of robbery with firearms. As grounds for the writ of habeas corpus he makes, in substance, the following allegations, that he was committed purely as a result of a criminal conspiracy, that he was unlawfully deprived of a large sum of money by a spurious search warrant and seizure, which sum of money was never established as having been lost in a robbery case, that he was not accorded a speedy preliminary hearing and arraignment on the information, that the trial of the case wherein he was convicted was lacking in fairness and impartiality, that the court erred in not granting a new trial, that in consequence of the foregoing the trial court lost jurisdiction to pronounce the judgment and sentence.

This court has repeatedly held that inquiry in habeas corpus is limited to the questions, did the trial court have jurisdiction of the subject matter, of the petitioner's person and authority under the law to pronounce the judgment and sentence rendered. Ex parte Noble, 89 Okla. Cr. 231, 206 P. 2d 226; Ex parte Matthews, 85 Okla. Cr. 23, 186 P. 2d 840; Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550; Ex parte Massengale, 67 Okla. Cr. 181, 93 P. 2d 41; Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18; In re Swaim, 66 Okla. Cr. 30, 38, 89 P. 2d 363; Ex parte Keel, 62 Okla. Cr. 277, 71 P. 2d 313; Ex parte Newman, 67 Okla. Cr. 401, 94 P. 2d 556; Ex parte Davis, 68 Okla. Cr. 29, 95 P. 2d 915; Ex parte

West, 62 Okla. Cr. 260, 71 P. 2d 129. In the Keel case
supra [62 Okla. Cr. 277, 71 P. 2d 314], this court said:

"On habeas corpus to determine legality of imprison-
ment where detention is under the judgment of a district
court, the court is limited to a determination of wheth-
er the facts stated in the information constitute an of-
fense, and whether the judgment and sentence imposed
was warranted by law and was within the jurisdiction
of the court."

Clearly the facts stated in the information herein
define the crime of robbery with firearms, therefore, the
court had jurisdiction of the subject matter. The peti-
tioner was present in person and with counsel during the
trial, and the court did not exceed its jurisdiction in pro-
nouncing judgment and sentence. The latter is true be-
cause the petitioner was found guilty by the jury which
fixed his penalty at 20 years in the penitentiary and the
court sentenced him accordingly. A penalty of death
might have been imposed. Moreover, as to the conten-
tion relative to the delay in the preliminary hearing and
arraignment on the charge laid in the information it does
not appear that the petitioner raised any objection to the
delay in the preliminary proceedings or on his arraign-
ment but proceeded to trial without making the same.
In Ex parte Wilkerson, 73 Okla. Cr. 32, 117 P. 2d 172,
it was held that the right to a speedy trial is waived by
proceeding to trial without objection. This objection is
not timely made.

The other allegations of the petition relate to irreg-
ularities of procedure and errors of law on matters over
which the trial court had jurisdiction, and are not a sub-
ject of inquiry in habeas corpus. In habeas corpus this
court will not look beyond the judgment and sentence
as to such irregularities. Ex parte West, supra. Such

matters can only be raised on appeal. It has repeatedly been held that the writ of habeas corpus cannot be substituted for an appeal. Ex parte Critser, 87 Okla. Cr. 380, 198 P. 2d 228, Ex parte Broyles, 84 Okla. Cr. 47, 178 P. 2d 652, Ex parte Darr, 84 Okla. Cr. 352, 182 P. 2d 523, Ex parte Mayfield, 84 Okla. Cr. 158, 179 P. 2d 934, Ex parte Thomas, 56 Okla. Cr. 258, 37 P. 2d 829; Ex parte Miles, 56 Okla. Cr. 69, 33 P. 2d 636; Ex parte Faber, 56 Okla. Cr. 177, 35 P. 2d 741; Ex parte Robinson, 56 Okla. Cr. 404, 41 P. 2d 127. In the latter case this court said:

"Habeas corpus cannot be used to correct errors or irregularities of procedure, where there is jurisdiction."

Furthermore, where the facts alleged even if established would not warrant discharge by habeas corpus the writ will be denied. Ex parte Noble, supra; Ex parte Whitson, 70 Okla. Cr. 79, 104 P. 2d 980; Ex parte Linam, 71 Okla. Cr. 155, 109 P. 2d 838. Such is the situation confronting us in this petition. For all of the foregoing reasons, the writ herein sought is accordingly denied.

JONES, P. J., and BAREFOOT, J., concur.