Samuel G. SULLIVAN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13790.

Court of Criminal Appeals of Oklahoma.

Oct. 26, 1966.

Thad L. Klutts, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal from a conviction for direct contempt of court adjudged by the County Judge of Bryan County, Oklahoma, in which the plaintiff in error, hereinafter referred to as defendant, was sentenced to be incarcerated in the county jail for a period of twenty-four hours, and to pay a fine of $500.00 and costs; and was censored and prohibited from filing any instruments in the County Court until he shall have purged himself of said contempt. The defendant was granted bail, and has perfected his appeal to this Court.

The citation for direct contempt resulted from the language contained in the defendant's "Petition for Rehearing, Motion for New Trial", filed pro se. The County Judge considered defendant's language to be contemptuous, and to contain certain insinuations that the court tampered with the official records.

After the judge overruled defendant's petition, he summarily cited the defendant for direct contempt, and passed judgment and sentence.

Immediately thereafter, the county attorney filed a written petition for citation, and the formal citation for direct contempt.

The Attorney General filed a motion to dismiss the appeal in which he contended that this Court is without jurisdiction to review an appeal from a direct contempt citation, and cites the recent case of Fulreader v. State, Okl., 408 P.2d 775, wherein the Supreme Court of Oklahoma stated, at page 776, the following:

"Plaintiff next contends that this appeal should be dismissed for the reason that the appeal should have been prosecuted to the Court of Criminal Appeals instead of this Court. The law is well settled by prior decisions of this Court that proceedings for direct contempt are neither civil nor criminal in character but are sui generis and this Court has jurisdiction to review an order adjudging one in contempt and imposing punishment therefor. Best v. Evans, Okl., 297 P.2d 379; Brown v. State, 178 Okl. 506, 62 P.2d 1208; Dancy v. Owens, 126 Okl. 37, 258 P. 879."

As we read the Fulreader case, supra, with which we are in agreement, the Oklahoma Supreme Court did not pretend, in that

opinion, to possess *exclusive jurisdiction* to review all appeals for direct contempt; nor do we believe that to have been the Court's intention.

■ We are of the opinion, and believe it to have been the intent of the Supreme Court, that the Court of Criminal Appeals possesses jurisdiction to review an order adjudging one in direct contempt, which is properly filed with this Court. This is especially true concerning those matters which arise out. of criminal proceedings; and for that reason the Attorney General's motion to dismiss was overruled.

The facts in this case, briefly summarized, are: the defendant was tried before a jury in County Court of Bryan County, Oklahoma, on a traffic misdemeanor charge. The jury found the defendant guilty, and judgment and sentence was imposed. The defendant filed a motion for new trial, which the trial judge overruled. Thereafter, defendant filed his "Petition for Rehearing Motion for New Trial", which resulted in his being cited for direct contempt of court.

The record before this Court reflects that at 10:00 o'clock A.M., on July 12, 1965 a hearing was held on defendant's petition for rehearing. The hearing was presided over by the Hon. Glenn J. Sharpe, County Judge. The record shows on page 7 that the following colloquy took place, with reference to the motion for rehearing in case No. 10095.

"The Court (Hon. Glenn J. Sharpe, County Judge): All right, let the record show that we are taking up the motion of Samuel G. Sullivan in case Mo. 10,095, petition for re-hearing motion for new trial. Is this your motion, Mr. Sullivan?

"Mr. Sullivan: Yes sir.

"The Court: Are you ready to hear it?

"Mr. Sullivan: Yes. I stand on the motion.

"The Court: All right, let's begin. Do you want an opportunity to withdraw this motion? Are you going to present evidence?

"Mr. Sullivan: No sir.

"The Court: Very well, let the record show the motion is overruled.
"The Court: Let the record begin on Case No. 10,209, In the County Court in and for Bryan County. In re: DIRECT CONTEMPT OF COURT. Samuel G. Sullivan, as an officer of this court in the capacity of a lawyer your actions toward this court are controlled by the Canons of Professional Ethics and the court finds that you have violated the very first, to-wit: * * *."

After reciting the first canon of Professional Ethics, the Honorable Judge, in a monologue of well chosen descriptive words, informed the defendant attorney why he considered the petition to be contemptuous.[1] He defined the law pertaining to direct contempt with specific citations; and in no uncertain terms he advised the defendant concerning his personal opinion of defendant's attitude, actions, manner of dress, and general conduct. It goes without saying that the judge's caustic monologue was not complimentary of the defendant.

However, neither the truth and veracity of the Honorable Judge's opinion of the defendant, nor the truth and veracity of defendant's pleading is the issue before this Court. Instead, the sole issue to be considered in this case can be reduced to the single question: was the defendant denied due process in the summary proceedings of citation for direct contempt? After carefully considering the record before the Court, as well as the citations provided by both the State and the defendant, we are of the opinion the question must be answered, that defendant was denied due process of law in this proceeding.

---

1. We do not consider it necessary to recite in their entirety defendant's petition for rehearing, nor the honorable judge's monologue.

■ 17 C.J.S. Contempt § 62(2), p. 145, contains the following statement:

"Where summary punishment for contempt is authorized, and the procedure is not prescribed by the statute or rule of court, the court may adopt such mode of proceeding as it deems proper, *provided that the person charged is given an opportunity for explanation and defense.*" (Emphasis added.)

■ This Court recited, in the case of In re Young, Okl.Cr., 325 P.2d 85, 89:

"In cases of direct contempt under the constitutional and statutory provisions, the contemner being present in court, neither formal charge against him in writing nor process is required. *It is only required that punishment shall not be imposed until the contemner shall have an opportunity to be heard.*" (Emphasis added.)

■ In the case of Ex parte Dawes, 31 Okl.Cr. 397, 239 P. 689, the second paragraph of the syllabus recites:

"Under the clause of section 25 of the Bill of Rights providing, 'In no case shall a penalty or punishment be imposed for contempt, until an opportunity to be heard is given,' an opportunity to be heard before a penalty or punishment is imposed for contempt is an *indispensable essential* to the administration of due process of law as contemplated by the constitutional inhibition that 'no person shall be deprived of life, liberty or property, without due process of law.' Sec. 7, Bill of Rights." (Emphasis supplied.)

See also Lynn v. State, 38 Okl.Cr. 313, 260 P. 1069.

The record clearly reveals that defendant was provided the opportunity to be heard, with reference to his petition for rehearing in case No. 10095; and that the judge clearly acted within his discretion when he overruled that pleading.

However, after the judge overruled the motion for rehearing, he immediately commenced the summary proceedings for direct contempt as follows:

"The Court:   Let the record begin in case No. 10,209, * * * In re: Direct Contempt of Court."

Thereafter, an entirely new matter was undertaken, in which the judge most clearly stated his position, but in which he failed to provide the defendant any opportunity whatsoever to show cause why he should not be found guilty for contempt of court. Instead, the judge commenced his citation in monologue, without interruption; and concluded it by finding the defendant guilty and immediately imposed sentence.

■■ The first paragraph of the syllabus in Holt v. Com. of Virginia, 381 U.S. 131, 85 S.Ct. 1375, 14 L.Ed.2d 290, decided by the United States Supreme Court on May 17, 1965, reads:

"Due process and the Sixth Amendment guarantee a defendant [summarily] charged [in a state court] with contempt of court *an opportunity to be heard in his defense,* * * * and to be represented by counsel." (Emphasis added.)

Therefore, for the reasons stated herein, we have no alternative but to reverse this case; and the Honorable County Judge of Bryan County is instructed to cause the Bryan County Court records to show that Samuel C. Sullivan has been purged of this contempt.

Reversed with instructions.

BUSSEY, P. J., and NIX, J., concur.