## J. B. BILLARD v. JOSEPH ERHART, *et al.*

ERRONEOUS INJUNCTION, *Valid until Dissolved.* Where the district court has jurisdiction of the parties and of the subject-matter, the fact that an order of injunction has been erroneously granted affords no justification or excuse for its violation before it has been properly dissolved.

*Error from Shawnee District Court.*

UPON the application of *Erhart* and others, plaintiffs in the preceding cause, the district judge granted a temporary injunction therein, to restrain the defendant, *Billard,* from committing the acts complained of in their petition. On March 27, 1886, the plaintiffs moved the district court to require the defendant to show cause why he should not be punished for contempt of court for violating the injunction aforesaid; and the court, having heard the evidence, found the defendant guilty, and adjudged that he pay a fine of $100, and the costs of the proceeding. *Billard* brings this judgment here for review.

*Waters & Chase,* and *W. P. Douthitt,* for plaintiff in error.

*Overmyer & Safford,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: It is immaterial in this case, whether the proceeding be called a civil or a criminal one. The record is singularly defective. The certificate to the record is as follows:

"STATE OF KANSAS, SHAWNEE COUNTY, ss.: I, B. M. Curtis, clerk of the district court within and for the county and state aforesaid, do hereby certify that the above and foregoing is a full, true and correct copy of the pleadings and record entries in the above-entitled cause as the same appear on file and of record in my office.

"Witness my hand and the seal of said court hereunto affixed, at my office in the city of Topeka, this 17th day of April, 1886.          [Seal.]          B. M. CURTIS, *Clerk.*"

Even if we treat the record as a certified transcript, we cannot pass upon all of the alleged merits of the case. The petition in error alleges that the judgment, rulings and decisions of the trial court are contrary to law, and are not supported by the evidence. The record purports to contain a copy of the bill of exceptions, but it does not clearly appear that this bill was ever filed with the papers in the case. Treating the bill as properly filed, it is incomplete within the decision of *Railroad Co. v. Wagner*, 19 Kas. 335.

The bill of exceptions of December 10, 1885, referred to in the bill of exceptions contained in the record as having been introduced as evidence in the case, is not inserted in or attached to the record, and is in no way identified. We therefore cannot say what evidence was considered by the district judge. There are other defects in the bill of exceptions, but those noted are sufficient.

It appears from the record that a temporary injunction was granted September 10, 1885. This injunction was never dissolved, and on March 27, 1886, Billard was adjudged in contempt for violating the injunction and adjudged to pay for his disobedience the fine of one hundred dollars, together with all costs. The court had jurisdiction of the parties and of the subject-matter, and the fact that an order of injunction has been erroneously granted affords no justification or excuse for its violation before it has been dissolved. (Civil Code, § 247; 2 High on Injunctions, 2d ed., p. 921, § 1416.)

The judgment of the district court will be affirmed.

All the Justices concurring.