# H. H. DESKINS v. STATE.

No. A-9273.   Sept. 2, 1937.
(71 Pac. 2d 502.)

Sigler & Jackson, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J.   This is an appeal from a judgment of conviction of direct contempt of court and sentence to undergo confinement in the county jail for a term of 90 days.

It appears that the case of E. J. Cowles v. C. G. Whitchurch was on trial in the district court of Carter county, John B. Ogden, presiding judge. Appellant, H. H. Deskins, was on the witness stand testifying, when plaintiff, E. J. Cowles, said to him: "You are a God damn liar." Thereupon appellant said in reply: "You'll not call me that," and reached over in front of the judge on the bench, grabbed the judge's gavel, and threw it at said Cowles.   The court bailiff and counsel then prevented Mr. Cowles and Mr. Deskins from passing blows in the presence of the court and jury.   After the parties had returned to their chairs, the following proceedings occurred:

"By the Court:   As soon as I can get the sheriff up here I am going to sentence you for direct contempt of

court. Call the clerk. I am going to try you people right now. Mr. Cowles, you are charged in this court with direct contempt of court, in that while Mr. Deskins was on the witness stand testifying I heard you make this statement: 'You are a God damn liar.' By Mr. Cowles: I beg your pardon, it was 'Damn liar.' By the Court: Well, I understood it the other way. Now, then, I therefore conclude that you were in direct contempt of this court in using such contemptuous language. What do you have to say in your behalf? By Mr. Cowles: I am sorry it occurred; he made me mad. By the Court: That is not a justification of that kind of conduct or language in the presence of the court and jury. I am holding you in direct contempt of this court. I am not going to fine either one of you. I am going to send you to jail. When people have that little respect for the court it is my opinion they should be sent to jail. The only question is as to how long. No man can sit here in this court and use that kind of language in court and expect to be fined. He is not entitled to be fined, but should receive a jail sentence. Do you have anything to say for him, Mr. Schenk? By Mr. Schenk (counsel for Mr. Cowles): No, sir, nothing. By the Court: I am going to sentence you to 90 days in the county jail. Now, Mr. Deskins, what do you have to say for yourself? By Mr. Deskins: If the court please, the man called me a God damn liar when I was testifying to the truth. If a man would sit up here and call you a word like that you would resent it. Anybody would resent it. By the Court: You always get protection in this court as to anything that happens in court. I am going to run this court as long as I am judge. Now, then, as to your conduct; Mr. Sigler, do you have anything you want to say in his behalf? By Mr. Sigler: No, except that you should take into consideration the acts of provocation and that a lot of people lose their temper. By the Court: They cannot lose their temper in this court and grab the gavel off the bench and throw it in the manner that was done in this instance, and not be charged with direct contempt of court. The court admonished him to stop and was preparing to take steps

to punish the plaintiff for his contemptuous language when Mr. Deskins grabbed the gavel off the bench and used vile and profane language and it was necessary to have the bailiff to run and grab him to keep him from Mr. Cowles. This was after he had already thrown the gavel. I am going to sentence him to 90 days in the county jail for direct contempt of this court in making this display of personal violence and using profane language. You cannot get up in this court and show that much disrespect and not be punished accordingly. I am going to declare a mistrial in this case. You know and I know that this trial has been destroyed. This jury couldn't go out and try this case after what has happened in their presence and use their cool, calm judgment in this matter. Therefore, a mistrial is declared in this case. The sheriff will take charge of Mr. Cowles and Mr. Deskins. I want to look into the law with reference to this matter a little further. Let me have the statutes, please. When I get through sentencing these parties I will be through with this matter. I want to proceed exactly as the law provides. The bailiff will bring the reports from the county attorney's office and I will read these opinions."

It appears at this time another case was called for trial, and during the selection of the jury the court proceeded to read the authorities brought to him by the bailiff, and after his perusal all parties appeared before the court, in person and by counsel; the following proceedings were had:

"By the Court: Both E. J. Cowles and H. H. Deskins, having been represented by counsel, and having had an opportunity to be heard, and admitting the charge against them, that is, the statements made by them and acts done by them, and to which there is no denial, the same having taken place here in open court. This is the order of this court and it shall be reduced to writing."

Thereupon the court pronounced and entered judgment as follows:

"State of Oklahoma. Carter County. SS.

"In the District Court.

"Judgment and Sentence of the Court
on Direct Contempt.

"As to H. H. Deskins.

"Now, then, Mr. Deskins, in this case I don't presume there is any dispute as to the facts of what you did, as I have just related them? What do you have to say? By Mr. Deskins: I just lost my temper. By the Court: You did take the gavel from the bench and throw it at this man? By Mr. Sigler (of counsel for Mr. Deskins): I would like the court to put in the record his part of it that this man called him a damn liar. By the Court: Yes, I put it in, everything that took place is reflected by this record. Now then, the way it was you heard him say— By Mr. Deskins: I understood him to say 'You are a God damn liar.' By the Court: That is the way I understood it. He said he only used the words 'Damn liar.' On the matter of punishment I am taking it at his own words on that. Now then you are charged with direct contempt of court, Mr. Deskins, in that on this date while the case No. 21653, E. J. Cowles vs. C. G. Whitchurch came on regularly for hearing and plaintiff had offered all his testimony and rested, and the defendant in this case, Mr. Whitchurch, had testified, and you were on the witness stand testifying and as to what your testimony was at that particular time I don't recall, but the record will reflect that, Mr. Cowles was sitting in front of the bench and you were sitting on the witness stand, to my right about two feet of me, when I heard Mr. Cowles remark, I thought he said to you 'You are a God damn liar.' When I use the language I apologize to the audience for doing so, but it is proper to do this in order to put this in writing to dispose of this matter legally, using these words merely' in this maner to complete the record. Whereupon you arose and he said something, else I didn't understand, there was a great lot of confusion and the jurors were greatly excited. The lawyers began running, and

I had to call the bailiff, and you grabbed the gavel on the bench over in front of me and I think also this paper weight. By Mr. Deskins: I picked it up. By the Court: You threw the judge's gavel at Mr. Cowles and I don't think you missed him very much, and it was picked up by one Mr. Rowland about 50 or 60 feet back in the audience and returned to the bench. By virtue of such disturbance a mistrial was declared in said case. Justice was therefore impeded to that extent. You are charged with direct contempt of court. I want to give you a full opportunity to say anything in your own behalf and to correct these facts if I have misstated any of these facts. By Mr. Deskins: Judge, I just lost my temper. If a man were to call you a God damn liar I believe you would resent it. I just did this before I had time to think. I am very sorry and I ask for the mercy of the court. By the Court: I will say this to you and to Mr. Cowles both that so far as yourselves are concerned it is no pleasure on my part and it has never been any pleasure on my part to inflict punishment, but you can't run this court and permit that kind of conduct to prevail, or to permit that attitude on the part of any person. I am just doing my solemn duty. I tried to get you to stop, as I already had his remarks before me and I had started to call his attention to the fact that he was in contempt and to take up the matter of his being in direct contempt but you did not stop. I don't permit that kind of conduct in this court. The only way I have in matters of this kind is to do what the law directs me to do. I have just read a case where a party was given 12 months sentence and a $5,000 fine for filing a brief in a case wherein he was held in direct contempt. Now I don't want to get this too severe, but I think ninety days penalty is about right, I will make it the same as Mr. Cowles; you both were in direct contempt of court. I want you to have a full opportunity to be heard, you are here with your attorneys. By Mr. Sigler: We want to reserve an exception, and give notice of our intention to appeal to the Criminal Court of Appeals and we ask that you fix the amount of bond. We are appealing on the theory that the sen-

tence is out of reason, too severe. By the Court: Not upon the question of guilty? By Mr. Sigler: Upon the question of this, in this instant case he was more or less provoked into this, he had more reason for doing what he did than the other man, I think. I don't say he ought not to be punished, but I am just saying this about it, I think if the court would think this over for 48 hours you would decide that this punishment is too severe. When a man that provokes the difficulty is not given more than 90 days then you ought not to give the man that is provoked that much punishment. By the Court: Mr. Deskins is a capable man, he should have known that if a person mistreats him in this court that he will have the protection of this court. I told Mr. Deskins to stop at the time I was starting to take up the matter of Mr. Cowles' contempt, but he disregarded me and grabs over here and picks up that gavel and throws it. I will say this to you both that I don't have any ill feeling toward you, but such conduct in this court a few minutes ago cannot be permitted. Then Mr. H. H. Deskins, in this case I find you guilty of direct contempt of court by virtue of the fact that in this court a few minutes ago you conducted yourself as heretofore outlined, and contained in this statment, and you admit that you grabbed the gavel from the bench of this court and threw it at Mr. Cowles and created a disturbance in this court to such an extent that it even became necessary to have the officers come in order to keep order in the courtroom, attempting to do violence in the presence of the court. You don't deny doing the acts already in the record, you admit that, but you seem to think the punishment of 90 days is too severe; I have thought the matter over very seriously and I don't think it is; that kind of conduct is a crime against justice and destroys the administration of the court and tends to destroy justice itself. It has destroyed it already to the extent that it has became necessary to put the trial of this case off. Therefore, it will be and is the judgment and sentence of this court that you are found guilty of direct contempt herein, and further that you be taken into custody by the sheriff of Carter county, state of Okla-

homa, and that you be by the sheriff of Carter county, confined in the county jail of this county for a period of 90 days from this date.

"Signed this the 11th day of January, 1937.

"[Signed]   John B. Ogden,<br>"District Judge."

"Commitment.

"Therefore it will be and is the judgment and sentence of this court that you are found guilty of direct contempt herein, and further that you be taken in due custody by the sheriff of Carter county, state of Oklahoma, and that you be by the sheriff of Carter county, confined in the county jail of this county for a period of 90 days from this date.

"Signed this the 11th day of January, A. D. 1937.

"[Seal]          John B. Ogden, District Judge.

"Attest:          Ernest W. Tate, Court Clerk,
Carter County, Oklahoma."

Appeal bond fixed at $500. Ten days allowed to make same.

The errors assigned are:

"First: That the judgment is void for the reason that the court pronounced the defendant guilty without a hearing and without a trial;

"Second: The judgment is void because the commitment did not comply with section 1959, O. S. 1931 (21 Okla. St. Ann. § 568);

"Third: The judgment shows that the punishment was excessive."

In support of the first assignment counsel in their brief quote section 25, art. 2, of the state Constitution; citing the following cases with quotations from the opinions:

"Ex parte Sullivan, 10 Okla. Cr. 465, 138 Pac. 815, Ann. Cas. 1916A, 719; Moore v. State, 41 Okla. Cr. 310, 272 Pac. 1032; Ex parte Reily, 60 Okla. Cr. 217, 62 Pac. (2d) 1035; Ex parte Morse, 141 Okla. 75, 284 Pac. 18; Cannon v. State, 58 Okla. Cr. 451, 55 Pac. (2d) 135."

In a proceeding for contempt of court, if the contemner is found guilty, the punishment imposed is a sentence in a criminal case. Such adjudication is a conviction, and the commitment in consequence thereof is in execution of sentence for a criminal offense. Burnett v. State, 8 Okla. Cr. 639, 129 Pac. 1110, 47 L. R. A. (N. S.) 1175.

The third and last clause of section 25 of the Bill of Rights (Const. art 2) provides:

"In no case shall a penalty or punishment be imposed for contempt, until an opportunity to be heard is given"; thus prescribing that which the plainest dictates of natural justice must prescribe to every tribunal, the law that "No man shall be condemned unheard." Ex parte Owens, 37 Okla. Cr. 118, 258 Pac. 810.

The statute (Penal Code, section 1956 [21 Okla. St. Ann. § 565]) provides:

"Contempts of court shall be divided into direct and indirect contempts. Direct contempts shall consist of disorderly or insolent behavior committed during the session of the court and in its immediate view, and presence, and of the unlawful and willful refusal of any person to be sworn as a witness, and the refusal to answer any legal or proper question; and any breach of the peace, noise or disturbance, so near to it as to interrupt its proceedings, shall be deemed direct contempt of court, and may be summarily punished as hereinafter provided for."

The constitutional provision and the statute merely affirm a pre-existing power. Without the power, courts could not fulfill their responsible duties for the good of the public.

No one doubts either the right or duty of a court to punish as contempts disorderly and contumelious behavior, breaches of the peace, or any willful disturbance in its presence. The right rests on the necessity that was found to exist to enable courts to administer the law without interruption by improper interference, and to maintain their own dignity. So indispensable is this power that its just exercise, so far as it·may be necessary for the due protection of the courts, has never been questioned.

In cases of direct contempt under the constitutional and statutory provisions, the contemner being present in court, neither formal charge against him in writing nor process is required. It is only required that punishment shall not be imposed until the contemner shall have an opportunity to be heard. Since the court acts upon view and hearing, no witness need be sworn nor formal evidence taken. The court in its discretion renders judgment imposing such punishment as it may deem proper within the limits prescribed by the statute. No record is made other than the judgment, in this, as the statute provides, "The substance of the offense shall be set forth in the order for his confinement, and made a matter of record in the court." Section 1959, St. 1931 (21 Okla. St. Ann. § 568). This provision can only mean that the order of confinement must contain a recital of those facts which make it a direct contempt, and is mandatory in its terms. Ex parte Dawes, 31 Okla. Cr. 397, 239 Pac. 689; Lynn v. State, 38 Okla. Cr. 313, 260 Pac. 1069.

The record here shows a waiver of the right to a hearing, but an opportunity to be heard was given and a hearing was had.

It also appears that not only the substance of the offense but the essential facts are fully stated in the judg-

ment and sentence of the court and set forth in the order of confinement in full compliance with the requirement of the statute above quoted, and that the same was made a matter of record in the court.

It is apparent from the record before us, and it follows from what has been said, that the first two assignments of error are without merit.

We conclude, therefore, that the trial court had jurisdiction to render the judgment herein.

Finally, it is earnestly insisted that the punishment imposed is excessive, and this court is asked to reduce the sentence if we find the trial court was not without jurisdiction to render the judgment.

We fully agree with this contention. Section 1957, Penal Code (21 Okla. St. Ann. § 566) provides:

"Punishment for contempt shall be by fine or imprisonment, or both, at the discretion of the court."

It may be that the punishment imposed upon the party plaintiff in the action on trial was not disproportionate to the offense committed by him. While the sentence was severe, it was a contempt of the most flagrant character. He voiced a gratuitous insult to the witness testifying, thus to browbeat the witness and to impugn his testimony. His language in itself was alone sufficient to warrant the court in declaring a mistrial, or it was such misconduct of party plaintiff which would require a reversal after trial. Nevertheless, we are inclined to think that the infliction of a fine would have been more appropriate.

On the other hand, appellant in obedience to the court's process was in attendance and testifying as a witness. He was under the protection of the court when this

vile insult was offered. In resentment he committed the act before he had time to think. He made full apology and asked the mercy of the court.

It follows that the court erred in finding and holding that both parties were equally guilty of contempt of court.

Under Procedure Criminal, section 3204 (22 Okla. St. Ann. § 1066), this court has the power to modify the judgment appealed from. Without this power we would feel constrained to reverse the judgment for the reason that the punishment imposed was excessive.

A careful consideration of all the facts and circumstances surrounding this contempt and the punishment imposed therefor by the trial judge convinces this court that the ends of justice would be best subserved by modifying the judgment and reducing the sentence to a fine of $10.

For the reasons stated, the judgment of the district court of Carter county finding H. H. Deskins guilty of direct contempt of court is modified by providing a fine of $10, and, as thus modified, the judgment appealed from is affirmed.

DAVENPORT, P. J., and BAREFOOT, J., concur.