## ROY BROWN v. STATE.

No. A-11001.   Sept. 7, 1949.

(209 P. 2d 715.)

444

Geo. T. Arnett, of Idabel, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J.  This is an appeal by Roy Brown, defendant below, from the trial, conviction, judgment and sentence to one year in the State Penitentiary for the crime of contempt of court, arising by reason of the violation of the court's order of injunction.

The defendant questions some phases of the proceeding leading up to the entry of the order of injunction which he is alleged in the sworn application or complaint

to have violated. With these questions we have nothing here to do, for mere errors in the proceeding in which the order of injunction is granted, or irregularities in the form of said order, do not constitute grounds or justification for disobeying the order of injunction or relieve one from punishment for contempt where the proceedings are not void. State v. Pierce, 51 Kan. 241, 32 P. 924. Where the order of injunction is not void the same is not subject to collateral attack. See 17 C.J.S., Contempt, § 14, p. 21, on erroneous judgment or order as a predicate for contempt proceedings as follow, to wit:

"* * * an order, judgment, or decree of a court having jurisdiction of the parties and the subject matter cannot be collaterally attacked in the contempt proceedings, but must be modified or vacated if erroneous, by a direct proceeding, disobedience of an order made by a court within its jurisdiction and power is a contempt, although the order may be clearly erroneous." Or "was improvidently granted, or irregularly obtained." Citing numerous authorities in support thereof.

In State v. Wilson, 162 Kan. 507, 178 P. 2d 277, 282, the Kansas Supreme Court said:

"Since the trial court had jurisdiction of the defendant and of the subject matter, any irregularities in the original injunction are not subject to collateral attack. * * * an injunction order which is not void but is merely irregular or erroneous must be obeyed unless it is set aside by direct proceedings as distinguished from collateral."

Here, the order was based upon jurisdiction of the person, of the subject matter, and authority under the law to enter the order, and we will not go behind the same. But had it been erroneously entered, with the first two elements of jurisdiction present, the fact of erroneous entry alone would not constitute a justification

for the violation of the order of injunction, Billard v. Erhart, 35 Kan. 616, 12 P. 42, for only dissolution of the order would afford protection. See 43 C.J.S., Injunctions, § 259, p. 1007, Notes 65 and 66, on validity and regularity of injunctions as follows:

"Where the court had jurisdiction, the fact that the injunction or restraining order, or the order for the same is merely erroneous, or was improvidently granted or irregularly obtained, is no excuse for violating it; and this rule applies with equal force to a prosecution for contempt instituted for the purpose of punishing a person for disobeying an order of the court on the ground that its authority or dignity is in question, and one which is instituted to enforce the authority of the court in the administration of justice between litigants."

Citing numerous authorities in support thereof. Consequently, we are only concerned in the case at bar with the proceedings for contempt and not the proceedings leading up to the entry of the order of injunction.

The record reveals that the court, on August 15, 1947, after hearing evidence, entered its permanent order of injunction against the defendant, Roy Brown's, continued operation of the dance being conducted at his home, in McCurtain county, Okla. The evidence in support thereof discloses that his home was a place of public resort attended by women of loose morals and bootleggers, where liquor was freely consumed, and acts of immorality and indecency were indulged in in close proximity thereto, and children, both boys and girls, were permitted to loiter and dance. The record further shows that, on August 16 and 18, in violation of the court's injunction, the defendant continued the operation of the dance at said place. Upon these violations the application for citation was predicated.

Contempts are defined in Title 21 O.S. 1941 § 565, as direct and indirect:

"* * * Direct contempts shall consist of disorderly or insolent behavior committed during the session of the court and in its immediate view, and presence, and of the unlawful and wilful refusal of any person to be sworn as a witness, and of the refusal to answer any legal or proper question; and any breach of the peace, noise or disturbance, so near to it as to interrupt its proceedings, * * * and may be summarily punished * * *. Indirect contempts of court shall consist of wilful disobedience of any process or order lawfully issued or made by court; resistance wilfully offered by any person to the execution of a lawful order or process of a court."

Contempt cases are further classified in law as civil contempts and criminal contempts. The distinction being:

"The former consists in disobeying some judicial order made in the interest of another party to a proceeding. The latter consists of acts disrespectful to the court, or obstructive to the administration of justice, or calculated to bring the court into disrepute. * * *

"A civil contempt may be either direct or indirect, and a criminal contempt may be either direct or indirect." Blanton v. State, 31 Okla. Cr. 419, 239 P. 698, 700.

The contempt in the case at bar is both indirect, and criminal. It was in disrespect of the court's order of injunction committed beyond the presence of the court, and in obstruction to the administration of justice. Criminal contempt is a crime, and when the contemnor is found guilty, punishment therefor is a sentence in a criminal case, and the adjudication therefor in law is a conviction, and commitment therefor is in execution of a

sentence for a criminal offense. Cannon v. State, 58 Okla. Cr. 451, 55 P. 2d 135. This being indirect contempt, defendant was entitled to be charged, notified and tried by a jury as provided in Title 21 O.S.A. 1941 § 567, as follows, to wit:

"In all cases of indirect contempt the party charged with contempt shall be notified in writing of the accusation and have a reasonable time for defense; and the party so charged shall, upon demand, have a trial by jury."

We find that the last quoted provisions of the statutes were substantially complied with herein.

The defendant seeks to evade the consequences of his contempt by the plea, that the dance was conducted for and on a charitable basis to aid some people in distress. In this regard the law will not permit such an excuse to prevail. It will not permit to be done by indirection, that which it says cannot be done directly. His plea is therefore without merit.

The application and the evidence are sufficient to make and support the charge of contempt. In this regard the case is clear cut and conclusive. This being true the only remaining inquiry must be directed to the judgment and sentence and order of confinement.

The power to punish for contempt is inherent in the courts. In Cress v. State, 14 Okla. Cr. 521, 173 P. 854, it is held that the power to punish for contempt is inherent in the courts, but such power is to be exercised only when absolutely essential in the proper protection of the dignity of the court and enable it to administer justice and transact its business with decorum. But such proceeding is controlled by mandatory constitutional and statutory provisions and not by common law rules. Cannon v. State, supra. The Constitution, Art. 2, § 25, em-

powers the Legislature to pass laws in relation to contempt but provides:

" * * * that any person accused of violating or disobeying, when not in the presence or hearing of the court, or judge sitting as such, any order of injunction, or restraint, made or entered by any court or judge of the State shall, before penalty or punishment is imposed, be entitled to a trial by jury as to the guilt or innocence of the accused. In no case shall a penalty or punishment be imposed for contempt, until an opportunity to be heard is given."

Pursuant to this authority the Legislature acted generally in Title 21 O.S.A. 1941 §§ 565, 566, 567, 568, defining contempts as hereinbefore set out in § 565, and in the other provisions setting forth the procedure to be pursued in such cases and limiting the power of the courts in relation thereto. Further, Title 12 O.S.A. 1941 § 1390, makes provisions for violations and covering an order of injunction. The latter section will hereinafter be set forth. In Deskins v. State, 62 Okla. Cr. 314, 71 P. 2d 502, 507, the court said:

"The constitutional provision and the statute merely affirm a pre-existing power. Without the power, courts could not fulfill their responsible duties for the good of the public.

"No one doubts either the right or duty of a court to punish as contempts disorderly and contumelious behavior, breaches of the peace, or any willful disturbance in its presence. The right rests on the necessity that was found to exist to enable courts to administer the law without interruption by improper interference, and to maintain their own dignity. So indispensable is this power that its just exercise, so far as it may be necessary for the due protection of the courts, has never been questioned."

All of the prerequisities to a valid conviction herein have been pursued except § 568 and § 1390. Section 568, 21 O.S.A. 1941, is as follows:

"Whenever a person shall be imprisoned for contempt the substance of the offense shall be set forth in the order for his confinement, and made a matter of record in the court."

This provision has been held to be mandatory. Deskins v. State, supra; Emery v. State, 29 Okla. Cr. 29, 232 P. 128; Ex parte Reily, 60 Okla. Cr. 217, 62 P. 2d 1035; Cress v. State, supra; Ex parte Dawes, 31 Okla. Cr. 397, 239 P. 689. The record herein does not disclose any attempt to comply with the provisions of § 568 of the statute, either in what is denominated a general entry of proceedings or the judgment and sentence on conviction, which contains the order on confinement to the penitentiary. The only reference to the fact is in the following language "as charged in said application for citation". This has been held to be entirely insufficient. In Ex parte Dawes, supra, a direct contempt case, this court said:

" 'Whenever a person shall be imprisoned for contempt the substance of the offense shall be set forth in the order for his confinement, and made a matter of record in the court,' in a case of direct contempt, the order of commitment must set forth facts constituting the contempt, and is void unless it shows on its face acts sufficient to constitute a legal contempt; mere conclusions being insufficient."

In Ex parte Hibler, 139 Okla. 157, 281 P. 144, an indirect contempt case, the Supreme Court said:

"Under the provisions of section 1700, C.O.S. 1921 [21 O.S. 1941 § 568], the substance of the offense is required to be set forth in the order for confinement and made a matter of record in the court. This section re-

quires the facts constituting the contempt to be set forth and mere conclusions are insufficent."

But, where the facts are set forth in the judgment and sentence and order of confinement and made a matter of record in the court, such constitutes compliance with the statute. Deskins v. State, supra. As we have hereinbefore indicated no such attempt at compliance was made herein; consequently, the judgment and sentence and order of commitment herein is void as not being in compliance with the mandatory provisions of the statute.

The contempt herein involved is in violation of the court's order of injunction. Such violations are expressly covered by Title 12 O.S.A. 1941 § 1390, as follows:

"An injunction granted by a judge, may be enforced as the act of the court. Disobedience of any injunction may be punished as a contempt, by the court or any judge who might have granted it in vacation. An attachment may be issued by the court or judge, upon being satisfied, by affidavit, of the breach of the injunction, against the party guilty of the same, who may be required, to pay a fine not exceeding two hundred dollars, for the use of the county, to make immediate restitution to the party injured, and give further security to obey the injunction; or, in default thereof, he may be committed to close custody, until he shall fully comply with such requirements, or be otherwise legally discharged."

Under this provision contemnor can be imprisoned only for failure to pay a fine of not to exceed $200, make immediate restitution to the party injured or his failure to give further security to obey the injunction, and upon default so to do he may be committed to close custody until he shall fully comply with such requirements, or otherwise be discharged. Ex parte Hibler, supra. The trial court in no particular sought to invoke the provisions of this section, which is expressly applicable to the

situation herein involved. Since the foregoing statute is controlling and its provisions were not followed and the court acted in excess of the provisions therein contained, its action in so doing was excessive and void. We might conclude this discussion with the conclusions already made. However, it is well to observe that we have been unable to find any Oklahoma statute which provides that punishment for contempt shall be by imprisonment in the penitentiary. Certainly 12 O.S.A. 1941 § 1390 does not so provide. Neither does Title 21 O.S.A. 1941 § 566, so provide, which reads as follows:

"Punishment for contempt shall be by fine or imprisonment, or both, at the discretion of the court."

In the absence of express provisions making the offense of contempt a felony, one found guilty thereof cannot be punished by confinement in the penitentiary. The sentence of the defendant herein to the penitentiary was in excess of the court's power to pronounce. The verified application for citation being sufficient to inform the defendant of the charge of contempt, and the evidence of the violation of the order of injunction being ample to sustain the conviction, it is therefore apparent the court erred only in the pronouncement of the judgment and sentence. For all of the foregoing reasons the judgment and sentence and order of commitment is accordingly vacated, and the case remanded for further proceedings not inconsistent with this opinion.

JONES, P. J., and POWELL, J., concur.