Frank SEAY, Petitioner,

v.

Bob HOWELL, Judge of the District Court of Seminole County, Respondent.

No. 37111.

Supreme Court of Oklahoma.

May 14, 1957.

George Bingaman, Purcell, Gus Rinehart, Oklahoma City, for petitioner.

Joe Looney, County Atty., Seminole County, T. H. Williams, Jr., Asst. County Atty., Wewoka, Mac Q. Williamson, Atty. Gen., Owen J. Watts, Embry, Crowe, Tolbert, Boxley & Johnson by V. P. Crowe and by Val R. Miller, Oklahoma City, for respondent.

JACKSON, Justice.

This is an original proceeding in this court by petitioner, Frank Seay, under Art. VII, § 2, Oklahoma Constitution, to prohibit respondent, District Court in Semi-

nole County, Oklahoma, and the Hon. Bob Howell as Judge of said Court, from proceeding further in an indirect contempt action in Case No. 6681 in that court.

The information and affidavit for indirect criminal contempt in that court charges in substance that Frank Seay, an attorney, employed one R. A. Westbrook to attempt to influence the verdict of six prospective jurors who had been summoned to appear as jurors in a case then pending in the District Court of Seminole County; that the said Frank Seay gave R. A. Westbrook $20 in order that Westbrook might contact the six jurors and offer and give each of them $5 to influence their verdict and decision in favor of Seay's client; and that pursuant thereto Westbrook carried out his instructions and gave four of the prospective jurors $5 each and offered the other two jurors $5 each. It is further charged in the information and affidavit that these alleged criminal acts were contemptuous and contrary to Section 25, Art. 2, Oklahoma Constitution, and Secs. 565–567 of Title 21 O.S.1951.

We have heretofore held that under Art. VII, § 2, Oklahoma Constitution, this court has superintending control over inferiors courts, Heard v. Sullivan, Okl., 280 P.2d 708, whether such lower court is acting in its civil or criminal jurisdiction. Best v. Evans, Okl., 297 P.2d 379.

The decisive question before us is whether the acts charged in the information and affidavit for indirect criminal contempt constitutes an indirect contempt in the State of Oklahoma. If the acts charged do not constitute an indirect contempt the respondent should be prohibited from proceeding into the trial of the matter.

■ It cannot be disputed that under our form and theory of government all governmental power is inherent in the people, Art. II, Sec. 1, Oklahoma Constitution. It is also fundamental that many functions and powers of government have, by constitutional provisions, been delegated by the people to the legislative, executive and judicial branches of government, and neither branch shall exercise powers properly belonging to either of the others, Art. IV, Sec. 1, Oklahoma Constitution. It is within the power of the people of Oklahoma to deprive the courts of their so-called inherent powers to define contempts. It is also within the power of the people to authorize the Legislature to define and regulate proceedings in matters of contempt. The immediate question before us is whether the power to define contempts has been impliedly left with the courts or specifically delegated to the Legislature. This question has been answered for us in Art. II, § 25, Oklahoma Constitution, wherein it is specifically provided:

"The legislature shall pass laws defining contempts and regulating the proceedings and punishment in matters of contempt: * * *."

Pursuant to the foregoing constitutional mandate the Legislature, in 21 O.S.1951 § 565, has defined indirect contempts as follows:

"* * * Indirect contempts of court shall consist of wilful disobedience of any process or order lawfully issued or made by court; resistance wilfully offered by any person to the execution of a lawful order or process of a court."

■ We find nothing in the foregoing statutory definition that specifically or by inference includes bribing, or attempting to bribe a juror, as a contempt. Undoubtedly, under the constitutional provision above quoted, bribing and attempting to bribe jurors, could have been included.

The Legislature has made provision in other sections of the criminal code to insure the purity of the jury system. In 21 O.S.1951 § 383, it is provided:

"Every person who gives or offers to give a bribe to any judicial officer, juror, referee, arbitrator, umpire or assessor, or to any person who may be authorized by law or agreement of parties interested to hear or determine any question or controversy, with intent to influence his vote, opinion or

decision upon any matter or question which is or may be brought before him for decision, is punishable by imprisonment in the penitentiary not exceeding ten years, or by a fine not exceeding five thousand dollars, or both."

Other penalties for attempting to influence jurors is provided in 21 O.S.1951 § 388.

From the foregoing sections of the penal code (21 O.S.1951 §§ 383, 388 and 565) it is apparent that the Legislature has made specific provision for the trial and conviction of those charged with the offense of bribing and attempting to bribe jurors, as a crime, but has not defined such offenses as a contempt.

█ We think it is significant that the Legislature has not defined bribing and attempted bribery of jurors, as a contempt, but has declared such offenses to be a crime, triable and punishable as such. We are of the opinion that when the Legislature defined contempts in Section 565, supra, and did not include bribing and attempts to bribe jurors in the definition, but declared such offenses to be a crime under Section 383, supra, that it clearly intended to remove bribing and attempted bribery from the definition of contempts. While not specifically pointed out in Best v. Evans, Okl., 297 P.2d 379, the same reasoning was applicable in that case. There two charges of direct contempt were presented and filed against an attorney. The first case charged deceitful conduct on the part of the attorney with an intent to deceive the court. Such conduct is punishable as a misdemeanor under the provisions of 21 O.S.1951 § 575. The second case charged the attorney with knowingly presenting perjured testimony. One who procures another person to commit perjury is guilty of subornation of perjury under 21 O.S. 1951 § 503, and punishable as for perjury under 21 O.S.1951 § 504.

In construing Art. II, § 25, Oklahoma Constitution, and 21 O.S.1951 § 565, in the body of the opinion in Ex parte Ballew, 20 Okl.Cr. 105, 201 P. 525, 528, it is said:

"The people of this state, by section 25 of the Bill of Rights, directed the Legislature to define contempts, and a statute defining direct and indirect contempts has since been adopted, specifically enumerating what acts shall constitute contempt. Applying the rule of statutory construction, 'Expressio unius est exclusio alterius,' the affirmative description and enumeration of the acts constituting contempt implies a negative as to the exercise of such power in other cases not enumerated."

It is argued that the offense of bribing and attempting to bribe jurors is a contempt under the common law. This conclusion is supported by Smith v. Speed, 11 Okl. 95, 66 P. 511, 55 L.R.A. 402. However, it will be observed that case was decided in 1901, and prior to the adoption of our constitution. It was there held that the judicial authority of the Territory originated in the Organic Act and that the Territorial Legislature had no power to take from the courts, whose jurisdiction originated in the Organic Act, the power to punish for contempt. Thus the Statute of 1895, page 91, Sec. 1 (now 21 O.S.1951 § 565), was held to be in conflict with the Organic Act and therefore ineffective to deprive the courts of jurisdiction to try common-law contempts. This situation does not now exist. We have heretofore held that contempts of court in this state are now defined by constitutional and statutory definitions, and not by the common law. Best v. Evans, Okl., 297 P.2d 379, supra. This is especially true where the supposed contempt is otherwise defined and made punishable by other provisions of the penal code. To the extent that McKee v. DeGraffenreid, 33 Okl. 136, 124 P. 303, holds that the common-law definition of contempts applies in this state, it is expressly overruled.

Having concluded that the acts charged in the information and affidavit for indirect criminal contempt against petitioner herein is not an indirect contempt as defined in the statute, and that the common-law definition

of contempts has been abolished in Oklahoma, we find it unnecessary to consider the other propositions presented in respondent's brief.

From the conclusions herein reached it follows that the respondent must be, and accordingly is, hereby enjoined and restrained from proceeding further against petitioner herein, as for contempt, in Case No. 6681 in the District Court of Seminole County.

WELCH, C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.