Court Reporters — Retirement System — Members Court reporters who are certified shorthand reporters do not have authority to cite a witness for contempt and impose a fine while engaged in the taking of depositions. All court reporters appointed under 20 O.S. 106.1 [20-106.1] — 20 O.S. 106.7 [20-106.7], are state employees and must become members of the Public Employees Retirement System as a condition precedent to their employment or continuance of same. The Attorney General has had under consideration your letter dated July 3, 1968, wherein you ask the following questions: "1. Do court reporters who are certified shorthand reporters have authority to cite a witness for contempt and impose a fine while engaged in the taking of depositions? "2. Do court reporters who are presently under a county retirement system (Common Pleas Reporters in Tulsa and in Oklahoma Counties) have an election in January of 1969, to come under the state retirement system or the election to remain under the county retirement system?" 59 O.S. 963 [59-963] (1961), provides: "Every certificate holder hereunder, and no other person, shall be deemed a Certified Shorthand Reporter, eligible for official appointment under Section No. 6, of this Act, and entitled to use the abbreviation `C.S.R.' after his name, and without extra charge shall receive from the Board, and may keep while his certificate remains in effect, a metal seal imprinting his name and `Oklahoma Certified Shorthand Reporter'. Such certificate and seal shall authorize the holder to issue affidavits in respect to his regular duties and to subpoena witnesses for depositions, administer oaths and affirmations, and take depositions and other sworn statements, with authority equal to that of a notary public." (Emphasis added) The power of a notary to punish for a contempt depends on statute and is not inherent. See 66 CJ.S. Notaries, Section 6, p. 616. 49 05. 1961, Section 86, prescribes the authority of a notary as follows: "Notaries public shall have authority to make the proof and acknowledgment of deeds and other instruments of writing required to be proved or acknowledged; to administer oaths; to demand acceptance or payment of foreign or inland bills of exchange and promissory notes, and protest the same for non-acceptance or non-payment, as the same may require, and to exercise such other powers and duties as by law of nations and commercial usage may be performed by notaries public." It is therefore clear that a notary public does not have authority to cite a witness for contempt and impose punishment thereon. Since a certified shorthand reporter's authority is expressly limited to that of a notary public in taking depositions and other sworn statements, it follows that such a reporter does not have authority to cite a witness for contempt. The power to punish for contempt is inherent in the courts, although the exercise of such power is controlled by mandatory constitutional and statutory provisions and not by common law rules. Brown v. State, 209 P.2d 715, 89 Okl.Cr. 443. There is no inherent or pre-existing power to punish for contempt beyond that which the courts possess. Hence, the exercise of such power by a certified shorthand reporter must be expressly authorized by legislative enactment. Section 963, supra, does not contain such a grant of power. Further, we are not cognizant of any other statutory provision granting same. It is therefore the opinion of the Attorney General that your first question should be answered in the negative: that is, court reporters who are certified shorthand reporters do not have authority to cite a witness for contempt and impose a fine while engaged in the taking of depositions. In answer to your second question, we direct your attention to House Bill No. 1146, 31st Oklahoma Legislature, 2nd Session, which provides for appointment of all court reporters in the State. Said Bill provides in relevant part: "Section 7. "Salaries. The salaries of all court reporters shall be paid by the State. . . ." The aforementioned provision is particularly significant in that 20 O.S. 664 [20-664] (1961), providing for court reporters of the Courts of Common Pleas to be paid by the county was expressly repealed during the same session of the legislature. The Attorney General has repeatedly held that an employee who is appointed by a state officer and whose entire salary is paid by the State is a state employee. See Attorney General Opinion No. 67-102, wherein the staff of the respective district attorneys were determined to be state employees and members of the Oklahoma Public Employees Retirement System. 74 O.S. 925 [74-925] (1967), provides: "All employees of participating employers who are eligible or may hereafter become eligible to be members of the system as provided by this act shall, as a condition of continuing employment or as a condition of obtaining employment with a participating employer, become members of the system." Since the State of Oklahoma is a "participating employer," all court reporters appointed in accordance with the provisions of House Bill No. 1146, 31st Oklahoma Legislature, 2nd Session, who are otherwise eligible, must become members of the Oklahoma Public Employees Retirement System. It is therefore the opinion of the Attorney General that your second question should be answered as follows: All court reporters appointed under House Bill No. 1146, supra, are state employees and must become members of the Oklahoma Public Employees Retirement System as a condition precedent to their employment or continuance of same. (Don Timberlake)